IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| DARRELL DAN FLOYD, SR., | : | |
| | : | |
| Plaintiff | : | 1:05cv889-F |
| vs. | : | 1:05-CV-117(WLS) |
| | : | |
| SPECIAL AGENT CONNER, | : | |
| | : | |
| Defendant. | : | |

   Plaintiff, DARRELL FLOYD, SR., is attempting to file what the court believes to be a civil complaint. The court is unable to determine whether plaintiff is alleging employment discrimination or possibly a violation of 42 U.S.C. § 1983. This "complaint" is accompanied by what appears to be an incomplete affidavit in support of a motion to proceed *in forma pauperis* upon which this court takes no action. While it is not clear from plaintiff's complaint where special agent Conner resides, it appears as though the instant complaint is related to a prior complaint filed by plaintiff in this court, in which, plaintiff alleged various civil rights violations against members of the Dothan, Alabama Police Department. Dothan is in the Middle District of Alabama. 28 U.S.C. § 81(b)(2).

   Title 28 U.S.C. § 1391(b) reads as follows:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Because this complaint relates to one in which the defendants reside in the Middle District of Alabama, and none of the events or omissions giving rise to plaintiff's claim occurred in the Middle District of Georgia, the court finds that the proper venue for this action is in the Middle District of Alabama. This court may, in the interests of justice, transfer an action filed in the wrong district or division. 28 U.S.C. §§ 1404(a), 1406(a).

Because it appears that this action should have been filed in the Middle District of Alabama, transfer to that district is appropriate. The Clerk of Court shall therefore **TRANSFER** the instant action to the Middle District of Alabama, Southern Division.

**SO ORDERED**, this 14th day of September, 2005.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

mh