IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DARRELL DAN FLOYD, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:05CV889-F |
| ) | |
| SPECIAL AGENT CONNER, ) | |
| ) | |
| Defendant. ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This action is presently before the court on plaintiff's motion to proceed *in forma pauperis*. It is ORDERED that the motion is GRANTED. Upon review of the complaint filed in this case, the court concludes that dismissal of the complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

Plaintiff Darrell Dan Floyd, Sr. proceeds *pro se* in this action. The nature of his claims are difficult to discern from the complaint. Plaintiff sues "Special Agent Conner," who apparently resides in Dothan (see style of Complaint), but provides no other information about Conner. Plaintiff uses a form complaint provided by the District Court for the Middle District of Georgia. In a blank space on the form in which plaintiff was

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

instructed to state his legal claim or reason for filing suit, plaintiff has written: "Human Right – Employment, Civil Right – Make Funniny of Me Tight - Chair."  (Complaint, p. 1). In another blank space in which plaintiff was to provide a concise statement of the specific facts involved in his case, plaintiff has written nothing at all.  (Complaint, p.2).  He has also failed to provide any statement of the relief he is requesting.  Id.

Plaintiff has attached several documents to his complaint.  The first attachment is correspondence from the Internal Revenue Service assigning an employer identification number to "Living Word Ministries" in care of "Brother Darrell D. Floyd."  The second is a copy of a record of plaintiff's request for medical treatment at the Southeast Alabama Medical Center emergency room on May 24, 2004 for complaints of back and abdominal pain after he was allegedly "'fazed' multiple times when arrested + in jail . . . ."  The third and fourth attachments are "Summar[ies] of What the Bible Teaches About Jesus['] Church." Plaintiff has also attached a form letter addressed to him from the examining section of the Federal Bureau of Prisons which appears to find plaintiff ineligible for employment as a correctional officer.

The final attachment is a copy of an affidavit signed by plaintiff on October 4, 2004. In the affidavit, plaintiff complains of "police brutality by the city of Dothan Police Department."[2]  He alleges that he was physically assaulted by "Officer Allum and Mark,"

---

[2] Plaintiff has another lawsuit pending in this court in which he brings excessive force and other claims against the City of Dothan arising from his arrest and detention.  Floyd v. City of

and that "Sgt. Andrew" and numerous other unnamed police officers physically abused him and strapped him to a chair while he was in a holding cell in the middle of the night. On the copy of this affidavit, plaintiff has handwritten two additional names – "Sgt Mark Nelms," and "FBI Steven Zequarino."

Plaintiff makes no allegation of physical abuse by the defendant, Special Agent Conner, either in the body of the complaint or the attachments – and, in fact, does not mention Conner at all except in the style of the complaint. He does not allege that Special Agent Conner was even present when plaintiff was allegedly physically assaulted either during his arrest or his detention. While the court is obligated to construe the *pro se* complaint liberally, this obligation does not "allow [the court] to conjure up unpled allegations." McFadden v. Lucas, 713 F.2d 143 (5th Cir. 1983).[3] Plaintiff's allegation in the complaint that Special Agent Conner (or someone else) made fun of him – if that is what the notation "Make Funnny of Me Tight-Chair" means – is not sufficient to state a claim for a violation of either the Fourth Amendment or the Fourteenth Amendment. See Omar v. Casterline, 288 F. Supp. 2d 775 (W.D. La. 2003)("Omar's contention that unknown

---

Dothan, Civil Action No. 1:05CV848-T.

[3] For this reason, the court does not construe the two words "tight" and "chair" in plaintiff's complaint as an allegation that Conner strapped plaintiff to the chair too tightly. To conclude otherwise would require the court to frame a complaint for plaintiff using its own imagination, which the court declines to do. The court notes that plaintiff made no such allegation in the verified statement of claim filed with his complaint against the City of Dothan. See Civil Action No. 1:05CV848-T (Attachment 1 to Complaint).

3

officers laughed at him while Phillips conducted the [strip] search falls short of any cognizable constitutional claim."); Awdish v. Pappas, 159 F. Supp. 2d 672, 678 (E.D. Mich. 2001)(verbal abuse of a suspect during arrest does not violate Fourth Amendment); Burton v. Cameron County, Texas, 884 F.Supp. 234 (S.D. Tx. 1995)(pretrial detainee's allegation of verbal harassment by jail guards did not rise to the level of a constitutional violation and was frivolous). It further appears that plaintiff may intend to bring some sort of employment claim against Special Agent Conner, perhaps one for discrimination, since he alleges "Human Right - Employment." However, plaintiff makes no factual allegation whatsoever that Conner was involved in any way in the employment decision (the determination that plaintiff was ineligible in 1994 for employment as a correctional officer) that may be at issue.[4]

Accordingly, plaintiff's complaint, even construed liberally, fails to state a claim against Special Agent Conner upon which relief may be granted.

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that the present action be DISMISSED without prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[4] Plaintiff does not list the Federal Bureau of Prisons as a defendant and the court declines to construe the complaint to include an additional, unnamed defendant. Even if plaintiff intended to bring a Title VII employment discrimination claim against the Bureau, he has not alleged exhaustion of administrative remedies and, thus, would not be entitled to proceed with such a claim.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to the said Recommendation on or before **October 6, 2005.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 23rd day of September, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE